■ MAGNOLIA FEDERAL BANK FOR SAVINGS, Appellant, v CITY OF NEWBURGH et al., Respondents. [696 NYS2d 62] —In an action,

*inter alia*, to, in effect, declare the invalidity of so much of a judgment of the Supreme Court, Orange County, dated November 20, 1995, in a proceeding entitled *Matter of Foreclosure of Tax Liens* under Index No. 2431-1995, as foreclosed tax liens against the property located at 21 Sherman Drive in the City of Newburgh, the plaintiff appeals from (1) an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated May 28, 1998, which, after a hearing on the timeliness of the foreclosure proceeding, granted the defendants' motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, entered August 17, 1998, which dismissed the complaint. The notice of appeal from the order is deemed to be a notice of appeal from the judgment as well (*see,* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified by adding thereto a provision declaring the validity of so much of a judgment of the Supreme Court, Orange County, dated November 20, 1995, in a proceeding entitled *Matter of Foreclosure of Tax Liens* under Index No. 2431-1995, as foreclosed tax liens against the property located at 21 Sherman Drive in the City of Newburgh; as so modified, the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The Supreme Court correctly determined that the City's foreclosure proceeding was commenced more than two years after the date the unpaid water rents became a lien on the property (*see,* RPTL 902, 1120 [1], [3]). The plaintiff's remaining contentions are without merit.

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of the defendants (*see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). S. Miller, J. P., Santucci, Krausman and Florio, JJ., concur.